IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARVIN E. McCOY,                                              CV. 07-26-MA

           Petitioner,                           OPINION AND ORDER

    v.

BRIAN BELLEQUE,

           Respondent.

Steven T. Wax
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon, 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For

1 -- OPINION AND ORDER

the reasons set forth below, petitioner's second amended petition is denied, and this proceeding is dismissed.

## BACKGROUND

On February 16, 2001, a grand jury returned a twelve count indictment against petitioner. Attorney Donald Roach was appointed to represent petitioner. On April 11, 2001, petitioner pled no contest to the charge of Burglary in the First Degree, and guilty to the charges of Harassment, Criminal Mischief in the Second Degree, and Tampering with a Witness (two counts). In exchange for his plea, the remaining seven charges were dismissed. Petitioner received a departure sentence of 116 months, to be followed by a 36-month term of post-prison supervision.

The Office of the Public Defense Services was appointed to represent petitioner on appeal. However, petitioner subsequently moved for leave to proceed *pro se* on appeal. Petitioner's motion was granted. Petitioner unsuccessfully moved to hold the appeal in abeyance, and subsequently voluntarily dismissed the appeal.[1]

Petitioner next filed a state post-conviction proceeding raising multiple claims *pro se*. Attorney Mark Mordini was appointed to represent petitioner, but was allowed to withdraw a short time later. Petitioner once again proceeded *pro se*. During the course of the post-conviction proceeding, petitioner sought

---

[1] In December, 2004, petitioner filed a motion to reinstate his direct appeal. That motion was denied.

mandamus relief from the Oregon Supreme Court to compel the post-conviction trial judge to grant petitioner's pretrial motions for discovery, change of venue, and for the appointment of an indigent defense investigator. The Oregon Supreme Court denied petitioner's petition for a writ of mandamus.[2] After a hearing, the post-conviction trial court denied post-conviction relief. Petitioner's oral request to continue the hearing to permit him to properly subpoena eighteen witnesses was denied.

With the assistance of counsel, petitioner appealed from the denial of post-conviction relief. Counsel filed an opening brief on behalf of petitioner raising three assignments of error. Shortly thereafter, however, petitioner moved to strike the counseled brief and to obtain substitute counsel. When the Oregon Court of Appeals refused to appoint substitute counsel, petitioner sought mandamus relief from the Oregon Supreme Court. When this failed, petitioner voluntarily dismissed his appeal "given the Global Conflict of Interest" with appellate counsel, "the obvious 'External Impediment' being created by [the] Court", and to enable him to "proceed under Federal Habeas Corpus".

Petitioner filed a second state post-conviction proceeding which was summarily dismissed as successive, untimely, and for lack

---

[2] The Oregon Supreme Court subsequently denied petitioner's post-trial motions for reconsideration, to recuse the post-conviction judge, and for copies of the post-conviction proceeding transcripts.

3 -- OPINION AND ORDER

of merit. Petitioner filed an appeal. Against the advice of counsel, petitioner voluntarily dismissed his appeal "in order to pursue relief in Federal Court."

In the instant proceeding, petitioner raises five grounds of ineffective assistance of counsel arising out of petitioner's guilty plea and sentencing.

## DISCUSSION

Petitioner procedurally defaulted his available state remedies because is failed to present his federal claims to the Oregon Supreme Court, on appellate review from the denial of post-conviction relief, and he is now procedurally barred from doing so. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Smith v. Baldwin, 510 F.3d 1127, 1138 (9th Cir. 2007), cert. denied, 129 S.Ct. 37 (2008); O.R.S. 138.510(3); O.R.S. 138.550(3).

Petitioner argues that his procedural default should be excused on the basis that "circumstances existed throughout [petitioner's] proceedings that rendered the state process ineffective to protect [his] rights" and "his continued efforts at seeking relief in the state system were futile." Pet.'s Memo. at 14-15, citing 28 U.S.C. § 2254(b)(1)(B)(ii) and Duckworth v. Serrano, 454 U.S. 1 (1981). I disagree.

Petitioner's reliance upon § 2254(b)(1)(B)(ii) is misplaced. In Smith v. Baldwin, the Ninth Circuit held that

4 -- OPINION AND ORDER

§ 2254(b)(1)(B)(ii) may relieve a petitioner from *exhausting* his available state remedies in the first instance, but is irrelevant to, and provides no excuse for, the procedural default of state remedies. 510 F.3d at 1139. The Ninth Circuit explained:

> [E]xcuses for failure to exhaust are irrelevant to our present inquiry. Smith needs no excuse from the exhaustion requirement because he has technically exhausted his state remedies through his procedural default. The Supreme Court has noted that a habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer available to him. In cases such as this, where a petitioner did not properly exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claim is procedurally defaulted. In light of the procedural bar to Smith returning to state court to exhaust his state remedies properly, the relevant question becomes whether Smith's procedural default can be excused, not whether Smith's failure to exhaust can be excused. Therefore, the exceptions to the exhaustion requirement set forth in 2254(b) are irrelevant to Smith's petition. Rather, we must determine whether we can excuse Smith's procedural default under the applicable exception to that rule.

510 F.3d at 1130 (internal citations and quotations omitted).

A habeas petitioner may overcome his procedural default of available state remedies in only one of two ways: (1) by demonstrating that the failure to consider his claims will result in a fundamental miscarriage of justice; or (2) by making an adequate showing of cause for the default and actual prejudice as a result. Id. at 1139 & 1146. Petitioner has made no such showing in this case.

Moreover, petitioner's claim that his procedural default should be "forgiven as his continued efforts at seeking relief in the state system were futile" lacks factual support. The many obstacles of which petitioner complains, including the post-conviction court's adverse rulings, the Oregon Court of Appeals refusal to appoint substitute counsel, and/or the Oregon Supreme Court's refusal to grant mandamus relief, did not render futile the pursuit of petitioner's substantive claims on appeal from the denial of post-conviction relief to the Oregon Supreme Court. See Smith, 510 F.3d at 1147. Rather, petitioner repeatedly choose to voluntarily dismiss his appeals in order to pursue federal habeas relief. It is well settled that "[i]f a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." Engle v. Isaac, 456 U.S. 107, 130 (1982); Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993).

In sum, habeas relief is precluded on the basis that petitioner procedurally defaulted his available state remedies and has failed to demonstrate cause and prejudice sufficient to excuse his default. Accordingly, petitioner's second amended petition for a writ of habeas corpus is denied.

///

///

6 -- OPINION AND ORDER

## **CONCLUSION**

Based on the foregoing, petitioner's second amended petition for writ of habeas corpus (#15) is DENIED, petitioner's motion for expedited consideration and for release (#45) is DENIED AS MOOT, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this __3_ day of December, 2008.

                                            _/s/  Malcolm F. Marsh_____
                                            Malcolm F. Marsh
                                            United States District Judge